[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AMERICAN LEGION POST WAR VETERANS ORGANIZATION AKA AMERICAN LEGION MERIDEN POST NO. 45 (#105)
This negligence case arises out of injuries allegedly suffered by the plaintiff on December 23, 1990 when she was struck by a falling loudspeaker while attending a social function at the American Legion Post No. 45 in Meriden. Approximately two years after the accident the plaintiff instituted suit against one defendant, American Legion Department of Connecticut, Incorporated. (American Legion)
On June 21, 1993, this court (Thompson, J.) granted the plaintiff's motion to cite in as a party defendant the moving defendant (Post 45). This defendant was then served on July 7, 1993 with legal process returnable July 20, 1993.
Before the court at this time is Post 45's motion for summary judgment based on its claim that the suit against this defendant was not commenced within two years of when the injury was sustained as is provided in Connecticut General Statutes 52-584. The plaintiff does not dispute the claim that Post 45 was added after the two year statutory period had elapsed. It is the plaintiff's position in opposition to the motion for summary judgment that the first defendant sued, American Legion, and the second defendant sued, Post 45, are "in fact part of the same entity known as the American Legion and the plaintiff served American Legion Department of Connecticut, Inc. within the two years proscribed by said statute." As a secondary position, the plaintiff claims that if the court determines that "the two defendants are not the same legal entity," then the plaintiff's action against Post 45 is preserved by virtue of C.G.S. 52-592, the accidental failure of suit statute, and C.G.S. 52-593, the statute dealing with a wrong defendant being named.
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The trial court "must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). The function of the trial court is to determine whether an issue exists, not to try it if it does. Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984). A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
CT Page 10332 (1985).
Each party has filed two memoranda and various affidavits and other documents. One of the documents filed by the plaintiff is her own affidavit which states that she has reviewed a manual published by the American Legion and the federal act creating the American Legion, excerpts from both the manual and the federal act, her analysis of the composition of the American Legion on a national basis, references to the national by-laws and finally, her belief as to certain legal issues. The plaintiff is not competent to testify to these various matters and therefore the court will not consider these portions of her affidavit in ruling on the instant motion. See Practice Book 381.
The court has reviewed all of the documentary evidence filed in connection with the motion for summary judgment and the court finds that the defendant Post 45 has established that there is no genuine issue of material fact with respect to its claim that it is an entity that is entirely separate and distinct from the first defendant named, and that suit against Post 45 was not commenced within the required two year period.
As far as the secondary position of the plaintiff is concerned, neither statute relied on is applicable. Section 52-592
expressly provides that it applies only when an action which is "commenced within the time limited by law, has failed . . . to be tried on its merits. . . ." This action was not commenced within the two year period limited by law. Section 52-593 allows a plaintiff under certain limited situations to bring a new action after the original action has been terminated. Since this action has not been terminated that statute is not applicable.
In ruling on the instant motion for summary judgment, this court has not considered or ruled as to whether or not the first named defendant, American Legion, has any legal responsibility for anything which may have occurred at Post 45 in Meriden on December 23, 1990.
For the foregoing reasons, the motion of Post 45 for summary judgment (#105) is granted.
Hadden, J. CT Page 10333
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10356